## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  5:09CV1612 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | OPINION AND ORDER (nunc pro |
| | ) | tunc)* |
| | ) | |
| JAMES K. REED | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Plaintiff United States of America (Plaintiff or United States) has moved for judgment by default (Doc. No. 5) on its Complaint against Defendant James K. Reed (Reed or Defendant). For the reasons that follow, the motion is **GRANTED**.

**Background**

The record shows that on February 15, 1989, Reed executed a promissory note to secure a Federal Family Education Loan Program Consolidation loan from Student Loan Marketing Association (SLMA). (Compl, Ex. A, Certification of Indebtedness.) This loan was disbursed for $14,539.97 on May 8, 1989 at a rate of 9.00 per annum. *Id.* The loan obligation was guaranteed by Great Lakes Higher Education Guaranty Corporation (GLHEGC), and then reinsured by the United States Department of Education under its loan guaranty programs authorized under the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*

---

*At the request of Plaintiff, this revised Opinion and Order is entered to show a calculation of interest through September 1, 2009.

Reed defaulted on his loan on March 5, 1996. GLHEGC paid SLMA's claim in the amount of $19,011.71, and was then reimbursed for that claim payment by the Department of Education under its reinsurance agreement. (Ex. A.) On October 2, 2001, the guarantor assigned its rights and title to the loan to the Department of Education. (*Id*.)

The United States filed this collection against Reed, alleging that Reed owes the United States the principal sum of $19,011.71. (Doc. No. 1, Compl. at ¶ 3.) The United States seeks to recover the principal sum owed, plus interest and costs. The Clerk of Courts has entered default, (Doc. No. 6), and Plaintiff now seeks a default judgment from the Court.

**Law and Analysis**

Federal Rules of Civil Procedure 55 governs both default entry and default judgment. Rule 55(a) applies to entries of default and provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise the clerk shall enter the party's default." Rule 55(b)(1) permits entry of a default judgment by the clerk under certain circumstances, and Rule 55(b)(2) sets forth the circumstances under which the court may enter a default judgment. *See SGA Global, LLC v. Surface Coatings Co.*, 2007 WL 2897847 (E.D. Mich. Sept. 26, 2007).

The evidence attached to Plaintiff's motion demonstrates that Defendant failed to plead or otherwise defend after being properly served with the Complaint and Summons. (*See* Doc. No. 4.) Because entry of default judgment appears proper, on the

2

basis of Plaintiff's motion, this Court will enter default judgment in Plaintiff's favor against Defendant.

It is therefore **ORDERED**, **ADJUDGED** and **DECREED** that Defendant must pay to the United States the sum of $42,128.11 representing the principal of the debt plus interest through September 1, 2009, $350 representing court costs, plus interest from September 2, 2009 to the date of this Opinion and Order and until paid in full at 9.00 percent per annum.

**IT IS SO ORDERED**.

Dated: October 10, 2009

_____
**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

3